PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $19,240.00 IN U.S. CURRENCY,<br><br>　　　　Defendant. | 2:21-MC-00116-MCE-JDP<br><br>CONSENT JUDGMENT OF FORFEITURE |

　　　　Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

　　　　1.　　On January 9, 2020, agents with the Drug Enforcement Administration ("DEA") contacted Andre Phillips ("Phillips" or "claimant") at the Sacramento International Airport in Sacramento, California.  Approximately $19,240.00 in U.S. Currency ("defendant currency") was seized from Phillips during this encounter.

　　　　2.　　The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about January 27, 2021, the DEA received a claim from Phillips asserting an ownership interest in the defendant currency.

　　　　3.　　The United States represents that it could show at a forfeiture trial that on January 9, 2020, agents with the DEA received information regarding suspicious travel by Phillips, to include the purchase of a one-way ticket for Phillips by another individual, the night before with no checked bags. Law enforcement also confirmed that Phillips was on active probation in Sonoma County, California.

1  Law enforcement responded to the Sacramento International Airport and waited for Phillips to
2  disembark.  Law enforcement then approached Phillips, asked if his name was Andre Phillips, and told
3  him he was under arrest for violation of probation.  Law enforcement placed Phillips in handcuffs
4  without incident and he was taken to a separate room at the airport.  The search of Phillips' backpack,
5  incident to arrest, revealed three rubber band-bound wads of cash.

6       4.    The United States represents that it could further show at a forfeiture trial that while
7  searching Phillips' backpack, law enforcement could smell the overwhelming odor of marijuana coming
8  from within.  Phillips informed law enforcement that the cash located within his backpack was his and
9  it was about "$9,000.00."  Phillips stated that he had traveled to Houston, Texas to get the money from
10 his friend or cousin, for several "Frenchies" (French bulldog) puppies.  Phillips said that he ran a
11 kennel business in Elk Grove, CA and he bred and sold Frenchie puppies and dogs.  Law enforcement
12 asked Phillips if the sole purpose of his trip to Texas was to get the money for the puppies and Phillips
13 replied, yes.  Law enforcement told Phillips that the money looked like more than $9,000.00 and
14 Phillips then stated it might be $13,000.00.  A later bank count of the cash seized from Phillips'
15 backpack totaled $19,240.00.  The currency consisted of 4 $10 bills, 60 $20 bills and 180 $100 bills.

16      5.    The United States represents that it could further show at a forfeiture trial that a drug
17 detection dog alerted to the odor of narcotics on the cash seized from Phillips' luggage.

18      6.    The United States could further show at a forfeiture trial that the defendant currency is
19 forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

20      7.    Without admitting the truth of the factual assertions contained above, claimant specifically
21 denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter,
22 claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency.
23 Phillips acknowledged that he is the sole owner of the defendant currency, and that no other person or
24 entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim
25 or action against the government with regard to its forfeiture of the defendant currency, claimant shall
26 hold harmless and indemnify the United States, as set forth below.

27      8.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this
28 is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $12,240.00 of the Approximately $19,240.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $7,000.00 of the Approximately $19,240.00 in U.S. Currency shall be returned to claimant Andre Phillips through his attorney Roman J. Walker.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

///

///

///

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

8. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: October 24, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE